UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

    Plaintiff,

v.

JASON GROSS, *et al.*,

    Defendants.

Case No. C20-081-RSM

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

*Pro se* Plaintiff Roland Ma has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on January 17, 2020, listing as defendants Mr. Jason Gross, President of Petal Card Inc.; Petal Card Inc.; and WebBank Inc. Dkt. #5. Summonses have not yet been issued.

Plaintiff brings claims under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.*, and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666 *et seq*. The Complaint alleges as follows: "Account has been suspended since 11/26/2019, and restrictions have been removed on 12/10/2019; however, on 12/13/2019, they have questioned about the sex change on my ID, which is approved by the State on 11/19/2019, then the creditor terminated account." Dkt. #5 at 4. Plaintiff claims that the events giving rise to their claims took place between

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT - 1

December 10, 2019, beginning when "[a]ccount Verification has been completed" and ending January 6, 2020, when "[a]ccount information cannot be verified and terminated it." *Id.* The Complaint states that Plaintiff attempted to resolve the issue by arbitration, but that "the company received the demand for arbitration dated on 1/6/2020, and as part of the retaliation, they decided to close the account and denied for arbitration as stated in the User Agreement." *Id.*

Plaintiff alleges injuries in the form of damage to their credit report and that Defendant(s) "refused to take corrective actions per FCBA." *Id.* The Complaint requests the following relief: "1) Honor to the email dated on December 10, 2019, without taking gender/sex into consideration of the review process. 2) Remove all misleading information as reported per FCBA. 3) Pay for the damages occurred when locating the psychical [sic] address of the company." *Id.* at 5. Plaintiff has filed a "Notice of Errata" to revise "FCBA" under (2) to "FCRA." Dkt. #8.

In support of their Complaint, Plaintiff attaches what appears to be an exchange with a customer service representative at an unspecified company. The subject matter of the exchange is listed as "Call Quality" and the exchange references some "other party" that is blocking Plaintiff's caller ID. *See* Dkt. #5 at 8-10. The identities of the customer service representative or the referenced "other party" are not clear. Plaintiff has also attached a photocopy of their state-issued driver's license. *Id.* at 11.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal. As it stands, Plaintiff does not support their claims with specific facts presented in a clear and understandable manner or adequately explain what relief they are

requesting. Plaintiff's allegations are difficult to follow with unconnected facts and vague accusations. It is unclear to the Court how the facts as presented in this case could constitute violations of the ECOA or FCBA.

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **<u>no later than twenty-one (21) days from the date of this Order.</u>** In the Amended Complaint, Plaintiff must include all the elements of their existing Complaint (the parties, the causes of action, etc.) plus a short and plain statement of facts giving rise to their causes of action and the relief they are requesting. Failure to file a timely Amended Complaint will result in dismissal of this case.

DATED this 28 day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE