UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JASON GROSS, ET AL.,<br><br>　　　　Defendants. | CASE NO. C20-081RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION |

## I.　　INTRODUCTION

This matter comes before the Court on pro se Plaintiff Roland Ma's Motion to Compel Arbitration. Dkt. #38. Defendants Jason Gross, Petal Card, Inc., ("Petal Card") and WebBank Inc. ("WebBank") do not oppose the motion but object to Plaintiff's proposed order on arbitration. Dkts. #40, 42. Having reviewed the record and for the following reasons, the Court GRANTS Plaintiff's motion to compel arbitration and DISMISSES this action without prejudice.

## II.　　BACKGROUND

A full background of this case is not necessary to resolve the pending motion. On or about September 11, 2019, Plaintiff opened a credit account with Petal Card that was managed by WebBank. Dkt. #17 at 2. Plaintiff claims that Petal Card suspended his account on December 13, 2019 after Defendants required him to verify his identify through taking a selfie with a

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION– 1

government-issued ID next to him. *Id.* at 3. Petal Card allegedly failed to reinstate his account and questioned Plaintiff about his gender change on his license. Plaintiff proceeded to file "multiple regulatory complaints" against Petal Card and WebBank seeking reinstatement of his account, to which Petal responded by blocking calls from Plaintiff's home phone and cell phone numbers. *Id.* at 4. Plaintiff claims that Defendants reported "misleading and incorrect" information to the credit bureaus, including Experian and TransUnion, claiming that Plaintiff's account was closed due to fraud. *Id.* at 5. Plaintiff filed this action on January 1, 2020 seeking reinstatement of his Petal Card account. Dkt. #1. Plaintiff claims that Defendants suspended his account due to verification issues related to his gender change in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.*, the Fair Credit Billing Act, 15 U.S.C. §§ 1666 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681. Dkt. #5 at 3; Dkt. #17 at 2.

Plaintiff moved to compel arbitration on May 10, 2020, citing a mandatory arbitration clause in the cardholder agreement that parties entered into when Plaintiff opened his Petal Card account ("the Agreement"). Dkt. #38 at 1. The arbitration provision of the Agreement provides as follows:

> This Arbitration Agreement is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq., and not by any state arbitration law. **Except as set forth below, the parties agree to arbitrate any dispute or controversy concerning your Account or related products or services. Either party may request that the matter be submitted to arbitration.**
>
> . . .
>
> Binding Arbitration: Binding arbitration is a means of having an independent third party (the arbitrator) resolve a dispute without using the court system, judges or juries. Either you or we can request binding arbitration. **Each arbitration, including the selection of the arbitrator, shall be administered by the American Arbitration Association (AAA), according to the Consumer Arbitration Rules of the AAA**. A single arbitrator shall be appointed. . . . If the AAA is unable to serve as administrator and you and we cannot agree on a replacement, a court with jurisdiction will select the administrator or arbitrator,

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION– 2

> provided that no company may serve as administrator, without the consent of all parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of the Class Action Waiver in this Arbitration Agreement.

Dkt. #38-1 at 8-9 (emphases added). Defendants do not dispute the applicability of the arbitration provision and do not oppose Plaintiff's motion. Dkt. #40 at 1. However, while Plaintiff requests that the Court order parties to "elect to choose American Arbitration Association (AAA) or JAMS for arbitration," Dkt. #41 at 1, Defendants object that if arbitration is elected, "it be pursuant to the American Arbitration Association ("AAA") under the Consumer Arbitration Rules, and not with JAMS or any other alternative dispute resolution company." Dkt. #42 at 1. In his reply, Plaintiff moves the Court to "select the administrator or arbitrator pursuant to the arbitration clause of the cardholder agreement." Dkt. #44 at 1.

### III.   DISCUSSION

#### A. Legal Standard

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION– 3

whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Here, parties do not contest the validity or enforceability of the Agreement or the arbitration provision. *See* Dkts. #38, #40. The Court agrees that the terms of parties' contract expressly refer this case to arbitration. The sole dispute in this matter is whether AAA or JAMS should serve as the administrator. The Court finds the language of the arbitration provision clear and unambiguous: "Each arbitration, including the selection of the arbitrator, shall be administered by the American Arbitration Association (AAA), according to the Consumer Arbitration Rules of the AAA." Dkt. #38-1 at 9. The Court may only select a different administrator if the AAA is unable to serve as administrator and parties cannot agree on a replacement. *Id.* Neither party has alleged that the AAA is unable to serve as administrator. Accordingly, pursuant to the express terms of the Agreement, arbitration in this matter shall be administered by the AAA.

**B. Dismissal or Stay Pending Arbitration**

Finally, parties dispute the proper disposition of this case if Plaintiff's motion to compel arbitration is granted. Plaintiff argues that pursuant to Section 3 of the FAA, the Court must stay this action pending conclusion of the arbitration. Dkt. #38 at 5 (citing 9 U.S.C. § 3). Defendants, in contrast, request dismissal of the action with prejudice. Dkt. #42-1 at 1. For the reasons set forth below, the Court grants dismissal without prejudice.

//

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION– 4

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Here, parties agree that all claims in this matter are subject to arbitration. *See* Dkt. #38 at 5; Dkt. #40 at 1. Accordingly, dismissal is appropriate. However, because claims dismissed due to a valid and enforceable arbitration clause are dismissed for failure to state a claim, dismissal without prejudice is appropriate. *See, e.g.*, *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000); *Gadomski v. Wells Fargo Bank N.A.*, 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2018) ("Having decided the Agreement is enforceable and that all Plaintiff's claims are subject to arbitration, the Court is within its discretion to dismiss the complaint under Rule 12(b)(6).").

## IV.   CONCLUSION

Having reviewed Plaintiff's motion, Defendants' response and objection, Plaintiff's reply, and the remainder of the record, the Court finds and ORDERS:

(1) Plaintiff's Motion to Compel Arbitration, Dkt. #38, is GRANTED. The parties shall arbitrate this matter with the American Arbitration Association ("AAA"), pursuant to the Arbitration Agreement. Binding arbitration shall be administered by the AAA according to the Consumer Arbitration Rules of the AAA.

(2) IT IS FURTHER ORDERED that this action is dismissed without prejudice.

(3) This matter is CLOSED.

Dated this 12th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE